# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **R.B., A.B., and C.B.**

**No. 24-316** (Webster County CC-51-2024-JA-5, CC-51-2024-JA-6, and CC-51-2024-JA-7)

## MEMORANDUM DECISION

Petitioner Bureau for Child Support Enforcement ("BCSE")[1] appeals the Circuit Court of Webster County's May 7, 2024, order modifying child support, arguing that the circuit court erred by imposing a $50 monthly child support obligation on the children's father.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision vacating the circuit court's May 7, 2024, order modifying child support and remanding the case for further proceedings is appropriate, in accordance with the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure.

In 2024, J.B., the father, was named as a respondent party in a child abuse and neglect proceeding. The father's parental rights were later terminated. During the proceedings, the father was incarcerated. In May 2024, the BCSE filed a petition for expedited modification of child support. The father's child support obligation was previously set by a family court at $331.62 per month. The petition explained that, due to the father's incarceration, his child support obligation should be reduced to zero until his release.

On May 7, 2024, the circuit court entered an order modifying the father's child support obligation. Despite noting the father's current incarceration, the court set the child support obligation at $50 per month with payment beginning on May 1, 2024, and "continuing at that amount until a Petition for Modification to increase the child support is filed by either party and/or the [BCSE]." It is from this order that the petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). The petitioner argues that the circuit court erroneously imposed a $50 monthly child support obligation on the father, who had no ability to pay a child support obligation while incarcerated. We agree. The petitioner contends that the circuit court misapplied West Virginia Code § 48-13-404, which reads as follows:

---

[1] The petitioner appears by counsel Mark French. Counsel Mackenzie Holdren appears as the children's guardian ad litem. Respondent Father J.B. appears by counsel Steven Nanners.

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

In cases where the payor parent's adjusted gross income is below $2,600 per month, an additional calculation in Worksheet A, Part II, § 48-13-403 of this code, shall be made. *This additional calculation sets the child support order at whichever is lower.*

(1) Child support at the amount determined in Worksheet A, Part I, § 48-13-403 of this code; or

(2) The difference between 80 percent of the payor parent's adjusted gross income and $997, or $50, whichever is more.

(Emphasis added). The order found that the father was incarcerated but made no findings regarding the father's income, assets, or ability to pay. West Virginia Code § 48-1-205(e) directs that "[i]ncome shall not be attributed to an obligor who is incarcerated."[3] Therefore, no income could be attributed to the father. The petitioner correctly asserts that Worksheet A, Part I returns a support obligation of zero when the parent's income is zero, while the amount contemplated by West Virginia Code § 48-13-404(2) results in an obligation of $50 when the parent's income is zero. According to West Virginia Code § 48-13-404, the court should have set the child support obligation at zero, as zero is the lower value between the two options. However, we note that "[i]f the court finds that the guidelines are inappropriate in a specific case, the court may either disregard the guidelines or adjust the guidelines-based award," but "[i]n either case, the reason for the deviation and the amount of the calculated guidelines award must be stated on the record (preferably in writing on the worksheet or in the order)." W. Va. Code § 48-13-702(a). The court offered no rationale for its deviation from the guidelines and made no findings to support a deviation. Thus, we find that the court erred when it ordered the father to pay $50 per month in child support during his incarceration.

For the foregoing reasons, we vacate the circuit court's May 7, 2024, order modifying child support and remand this matter to the circuit court for further proceedings consistent with this opinion. Specifically, the court must reduce the child support obligation to zero or, if the court specifically finds that the guidelines are inappropriate in this case, provide the reason for its deviation from the guidelines. In either event, the court must memorialize its decision on remand in an order containing appropriate findings of fact. The court is further directed to undertake any additional proceedings consistent with the applicable rules and statutes. The Clerk is directed to issue the mandate contemporaneously herewith.

Vacated and remanded, with directions.

**ISSUED**: March 4, 2025

---

[3] Obligor is defined, in part, as "an individual. . . [w]ho owes or is alleged to owe a duty of support" or "who is liable under a support order." W. Va. Code § 48-1-235.

2

**CONCURRED IN BY**:

Chief Justice William R. Wooton
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn
Justice Charles S. Trump IV